UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-239** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

On May 10, 2005, petitioner was convicted of attempted aggravated escape and simple battery.[1]  On May 27, 2005, he was sentenced on the attempted aggravated escape conviction to a term of five years imprisonment and on the simple battery conviction to a term of six months imprisonment.  On that same date he was also found to be a fourth offender and so was resentenced as such to a term of fifty years imprisonment.[2]  However, on May 5, 2006, the Louisiana First

---

[1] State Rec., Vol. 3 of 5, transcript of May 10, 2005, pp. 287 and 294; State Rec., Vol. 1 of 5, minute entry dated May 10, 2005; State Rec., Vol. 1 of 5, jury verdict form.
[2] State Rec., Vol. 4 of 5, transcript of May 27, 2005; State Rec., Vol. 1 of 5, minute entry dated May 27, 2005; State Rec., Vol. 1 of 5, Written Reasons for Judgment.

Circuit Court of Appeal vacated the habitual offender adjudication and sentence and remanded the case for further proceedings.[3]

On April 28, 2008, after allowing the state to file an amended multiple bill of information, the state district court again found petitioner to be a fourth offender and resentenced him as such to a term of fifty years imprisonment on the attempted aggravated escape conviction,[4] but the court neglected to resentence him on the simple battery conviction.

On January 12, 2009, petitioner filed a motion for an out-of-time appeal,[5] and that motion was denied on February 18, 2009.[6] However, on April 27, 2010, petitioner filed an application for post-conviction relief with the state district court,[7] and, based on that application, an out-of-time appeal was granted on January 20, 2011.[8]

On December 21, 2011, the Louisiana First Circuit Court of Appeal then affirmed petitioner's convictions, habitual offender adjudication, and enhanced sentence on the attempted aggravated escape conviction, but the Court of Appeal again remanded the matter to the state district court for resentencing on the simple battery conviction.[9] His related writ application was then denied by the Louisiana Supreme Court on May 25, 2012.[10] There is no indication in the record that petitioner was ever resentenced on the simple battery conviction.

---

[3] State v. Bell, No. 2005 KA 1816 (La. App. 1st Cir. May 5, 2006); State Rec., Vol. 4 of 5.
[4] State Rec., Vol. 4 of 5, transcript of April 28, 2008; State Rec., Vol. 4 of 5, minute entry dated April 28, 2008; State Rec., Vol. 4 of 5, Written Reasons for Judgment.
[5] State Rec., Vol. 4 of 5.
[6] State Rec., Vol. 4 of 5, Order dated February 18, 2009.
[7] State Rec., Vol. 4 of 5.
[8] State Rec., Vol. 4 of 5, Reasons and Order dated January 20, 2011.
[9] State v. Bell, 2011 KA 0862 (La. App. 1st Cir. Dec. 21, 2011); State Rec., Vol. 4 of 5.
[10] State v. Bell, 90 So.3d 407 (La. 2012); State Rec., Vol. 4 of 5.

On April 24, 2013, petitioner filed another post-conviction application with the state district court with respect to the attempted aggravated escape conviction.[11] That application was denied on June 17, 2013, and his related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on December 9, 2013,[12] and by the Louisiana Supreme Court on November 7, 2014.[13]

While those state proceedings were ongoing, petitioner filed a federal habeas corpus petition asserting the following two claims:

1. Petitioner's appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to proceed on an amended multiple bill of information because that action exceeded the scope of the remand from the Court of Appeal and was barred by the doctrine of collateral estoppel; and

2. Petitioner's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the attempted aggravated escape conviction.

The Court found that petitioner had exhausted his state court remedies with respect to his second claim but not his first claim. Accordingly, the Court dismissed the federal application without prejudice as a mixed petition.[14]

While his first federal habeas corpus application was still pending, petitioner filed the instant federal application on January 15, 2015. In this application, petitioner once again asserts the same two claims he raised in his first federal application.[15] The state argues that the instant

---

[11] State Rec., Vol. 4 of 5.
[12] State v. Bell, No. 2013 KW 1370 (La. App. 1st Cir. Dec. 9, 2013); State Rec., Vol. 4 of 5.
[13] State v. Bell, 152 So.3d 167 (La. 2014); State Rec., Vol. 4 of 5.
[14] Bell v. Cain, Civ. Action No. 14-869, 2015 WL 4528924 (E.D. La. July 27, 2015).
[15] Rec. Doc. 1.

application should therefore likewise be dismissed without prejudice as a mixed petition because petitioner's first claim remains unexhausted.[16]  The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

---

[16] Rec. Docs. 10 and 11.

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Petitioner has filed only two writ applications with the Louisiana Supreme Court challenging this state criminal judgment.

The first application, which was docketed as case number 2012-K-0210, included no claims arguing that petitioner received ineffective assistance on appeal. Therefore, neither of two claims petitioner asserts in his federal application can be considered exhausted based on that writ application.

Petitioner's second writ application, which was docketed as case number 2014-KP-0014, requires closer scrutiny, because it did include claims that petitioner received ineffective assistance on appeal. For example, petitioner's second claim in this federal proceeding, i.e. that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the attempted aggravated escape conviction, was presented to the Louisiana Supreme Court in that writ application. Therefore, as this Court previously found when considering petitioner's first federal application, that claim is exhausted. Bell v. Cain, Civ. Action No. 14-869, 2015 WL 4528924, at *4-5 (E.D. La. July 27, 2015).

That said, it is clear that petitioner's first claim, i.e. that his appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to proceed on an amended multiple bill of information because that action exceeded the scope of the remand from the Court of Appeal and was barred by the doctrine of collateral estoppel, was not included in his writ application in case number 2014-KP-0014. The mere fact that petitioner argued that his appellate counsel was ineffective in *other* respects is insufficient to exhaust this claim that counsel was ineffective in a respect not mentioned in the writ application. See Ogan v. Cockrell, 297 F.3d

349, 358 (5th Cir. 2002); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983); Rick v. Cain, Civ. Action No. 12-2617, 2014 WL 880494, at *1 n.5 (E.D. La. Mar. 5, 2014); Evans v. Rader, Civ. Action No. 13-0196, 2013 WL 2154124, at *2 n.13 (E.D. La. Apr. 23, 2013). Therefore, as this Court previously determined when considering petitioner's first federal application, the writ application in 2014-KP-0014 did not exhaust this claim. Bell, 2015 WL 4528924, at *3. Because petitioner has filed no other Louisiana Supreme Courts writs since that time, his first claim therefore remains unexhausted.

Accordingly, because only one of petitioner's two claims is exhausted, he has once again filed a mixed petition. As a result, the instant federal application should be dismissed on that basis. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition for federal habeas corpus relief filed by Allen Bell be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this  first day of February, 2016.

                                                          _____
                                                          **SALLY SHUSHAN**
                                                          **UNITED STATES MAGISTRATE JUDGE**

---

[17] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.